## Clark *versus* Watson.

*Competency of witness objected to on the ground of interest.*

Where certain chattels advertised for sale by one in possession (who claimed them by assignment through an intermediate assignment from C.), were levied on as the property of C., and were also attached as the property of S. (the intermediate assignee), and by an agreement executed by the counsel for the party in possession and the execution-creditor of C., the sale was allowed to be made, the proceeds thereof to go to the person legally entitled thereto : *Held,* in an amicable action between the latter parties to try the title, that C. was a competent witness for the defendant.

Error to the Common Pleas of *Cumberland county.*

This was an amicable action of *assumpsit*, in which Eliza Clark was plaintiff and Samuel Watson was defendant, founded upon the facts stated in the following agreement :—

" Amicable action of *assumpsit* in the Court of Common Pleas of Cumberland county. And the parties agree that the case shall be at issue as upon a *narr.* in *assumpsit* and plea of *non assumpsit.* Mrs. Eliza Clark, the plaintiff, claiming certain personal property at the Carlisle Springs, had advertised the same for sale at public vendue, when Samuel Watson, the defendant, claiming the same to be the property of James Clendenin, issued a *fi. fa.* to ———— Term 186–, and levied upon the same as his property. To avoid any sacrifice or trouble, William H. Miller, Esq., attorney for Watson, and Watts & Parker, attorneys for Mrs. Clark, agreed that the auctioneer should proceed and sell the goods, and the

several claimants should be entitled to the money according to their respective rights, Mr. Newsham making the same agreement for James Clendenin, who also claimed a part of the proceeds of the sale on a foreign attachment against Daniel Shepherd, to whom he claimed the property belonged. The property was sold, and the net proceeds, amounting to $1523.81, is in the hands of William H. Miller, Esq., attorney of Samuel Watson, deposited with him to await the result of this issue, in which the plaintiff claims to recover the same."

Signed by counsel for plaintiff and defendant.

The property in dispute originally belonged to James Clendenin. November 14th 1860, a bill of sale was given by James Clendenin to Daniel Shepherd of the personal property at the Carlisle Springs, out of which the money was made which was the subject of the controversy.

February 1st 1862, there was an assignment by Daniel Shepherd of the same to Eliza Clark.

April 29th 1861, a lease of Carlisle Springs and the above personal property was made by Daniel Shepherd to William H. Burrows and Daniel C. Burnet.

The deposition of Daniel Shepherd was read, and John H. White was examined as a witness on the trial, both of whom detailed the circumstances and the consideration of the several assignments given in evidence, and the plaintiff closed her case.

The defendant, Samuel Watson, then gave in evidence a judgment of Samuel Watson *v.* James Clendenin for $2413.78 ; a *fi. fa.* issued thereon to April Term 1862, issued 12th March 1862, upon which the personal property at the Carlisle Springs was levied ; and the sheriff's petition to the court under the Interpleader Act.

The counsel for James Clendenin then gave in evidence the following records :—

| | |
|---|---|
| James Clendenin, Endorsee of Morris Owen, *v.* Daniel Shepherd, William H. Burrows, Garnishee. | Foreign Attachment No. 29, April Term 1862. Entered 6th February 1862. Sheriff returns 12th February 1862, served on William H. Burrows. Real debt $220. |
| Same, *v.* Same and D. C. Burnett, Garnishee. | No. 72, August Term 1851. Foreign Attachment. Real debt $220. |

There was testimony given by the defendants as to the consideration and fairness or unfairness of the transfer of the property to Mrs. White, all of which was submitted to the jury as a matter of fact, and on this subject the defendants called James Clendenin as a witness, to whom the plaintiff objected, on the ground " that

[Clark *v.* Watson.]

he was directly and indirectly interested in the question trying, and may in one event get part of the fund in controversy."

But the court said : " He is called to testify against his interest in this issue, for if by his testimony Watson recovers, it defeats Clendenin's claim under his attachment against Shepherd, and his interest is equally balanced between Watson and Shepherd ;" the objection was therefore overruled.

Under this ruling of the court there was a verdict and judgment for defendant. The plaintiff thereupon sued out this writ, and assigned for error the admission of James Clendenin as a witness for defendant.

*Watts & Parker*, for plaintiff in error.

*Miller, Penrose & Newsham*, for defendant.

Per CURIAM.—Clendenin was obviously a competent witness. He was not a party to the record. Though mentioned in the case stated, he neither signed it himself nor did counsel sign it for him. The suit therefore was not trilateral, but was simply an issue betwixt Clark and Watson, in which Clendenin had no such interest as to disqualify him. Though the source of both titles set up by the parties, it was a matter of indifference to him which prevailed. Whether the assignment of 1st February 1862, or the *fi. fa.* of 12th March 1862 should take the money, it was equally lost to Clendenin's attachment, and its destination as between the parties to the record was a matter in which he could not have an interest that disqualified him to testify.

The judgment is affirmed.